IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ARROYO-PALACIOS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. CV-F 05-231 AWI<br><br>(No. CR-F 03-5103 AWI)<br><br>ORDER ON PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255 |

Petitioner Rolando Arroyo-Palacios ("Petitioner") seeks relief under 28 U.S.C. § 2255 from the sentences of 6 months and 24 months, to be served consecutively, that was imposed by the court on February 17, 2004, following Petitioner's entry of a plea of guilty to two counts of illegal entry under 8 U.S.C. 1325(a)(1), one misdemeanor and one felony. Petitioner filed this application for relief on February 17, 2005. Petitioner's requested relief will be denied.

**Legal Standard**

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994)

(quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion, however, are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

### Petitioner's Argument

Petitioner contends his sentence violates the Sixth Amendment and the rule of *Apprendi* and its progeny (specifically *Blakely*) because he did not admit to prior convictions nor did a jury find beyond a reasonable doubt that he had prior convictions. Second, Petitioner contends the sentence imposed was greater than the maximum guideline range. Third, and finally, Petitioner requests any relief that may be available under *Booker* because the prior convictions were not proven beyond a reasonable doubt.

### Discussion[1]

Relief is not warranted. By its express terms, the rule of *Apprendi* and its progeny (that any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt) does not apply to the fact of a prior conviction. United States v. Booker, 543 U.S. 220, 244 (2005); Blakely v. Washington, 542 U.S. 296, 301 (2004); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); United States v. Cruz-Escoto, 476 F.3d 1081, 1090 (9th Cir. 2007); see also United States v.

---

[1] As part of his plea agreement, Petitioner signed a waiver that expressly waived his right to challenge his sentence through 28 U.S.C. § 2255. Such waivers are generally given effect, although there are exceptions. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996); United States v. Johnson, 67 F.3d 200, 201-03 (9th Cir. 1995); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). For purposes of this order, the Court will assume without deciding that the waiver does not bar this application. E.g., Baramdyka, 95 F.3d at 843; Meadows v. United States, 420 F.2d 795 (9th Cir. 1969).

1 | Thomas, 447 F.3d 1191, 1200 (9th Cir. 2006).

2 |     Further, it is unclear how Petitioner's sentence exceeds the maximum authorized by 8
3 | U.S.C. § 1325(a).  That section in relevant part reads: "Any alien who (1) enters or attempts to
4 | enter the United States at any time or place other than as designated by immigration officers . . .
5 | shall, for the first commission of any such offense, be fined under title 18, United States Code, or
6 | imprisoned not more than 6 months, or both, and, for a subsequent commission of any such
7 | offense, be fined under title 18, United States Code, or imprisoned not more than 2 years, or
8 | both."  8 U.S.C. § 1325(a)(1).  Petitioner was sentenced to 6 months in prison for count one, his
9 | first violation of 8 U.S.C. § 1325(a)(1) which occurred on April 15, 1985.  See Court's Docket
10 | Doc. No. 21 at ¶ V.  Petitioner was also sentenced to 24 months in prison for count two, his
11 | second violation of 8 U.S.C. § 1325(a)(1), which occurred on September 9, 1999.  See id.
12 | Petitioner has not alleged specific facts that show how or why the sentence imposed exceeds the
13 | maximum allowed.[2]  Conclusory statements are insufficient to warrant relief or obtain an
14 | evidentiary hearing under 28 U.S.C. § 2255.  Howard, 381 F.3d at 879; Hearst, 638 F.2d at 1194.

15 |     Finally, nothing in *Booker* aides Petitioner since *Booker* expressly reaffirms the rule of
16 | *Apprendi*, including that rule's inapplicability to the fact of a prior conviction.  Booker, 543 U.S.
17 | at 244.

18 |     Because Petitioner makes only conclusory allegations and improperly relies on *Apprendi*
19 | and its progeny, relief under 28 U.S.C. § 2255 is not warranted.

21 |     Accordingly, IT IS HEREBY ORDERED that Petitioner's requested relief under 28
22 | U.S.C. § 225 is DENIED.

24 | IT IS SO ORDERED.
25 | **Dated:   September 11, 2007**           /s/ Anthony W. Ishii
                                                      UNITED STATES DISTRICT JUDGE

---

[2] The allegations for this claim reads in its entirety, "The sentence is greater than the [sic] specified in the applicable guideline range to the extent that the sentence includes a greater term of imprisonment than the maximum establish [sic] in the guideline range."